NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLAND MA, | No. 20-35370 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01112-JCC |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Roland Ma appeals pro se from the district court's order holding him in civil

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contempt and imposing sanctions. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's civil contempt order, and for clear error the underlying factual findings. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). We affirm.

The district court did not clearly err by concluding that Ma failed to demonstrate that he was unable to comply with the court's October 16, 2019 order enforcing the parties' settlement agreement. Accordingly, the district court did not abuse its discretion by ordering civil contempt sanctions to coerce Ma to comply with the October 16, 2019 order. *See id*. ("The moving party has the burden of showing by clear and convincing evidence that the contemnor[] violated a specific and definite order of the court. The burden then shifts to the contemnor[] to demonstrate why [he or she] w[as] unable to comply." (citation and internal quotation marks omitted)); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.").

We reject as meritless Ma's contentions that the district court's enforcement of the settlement agreement was unconstitutional and that the settlement agreement violated due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ma's motion to strike (Docket Entry No. 18) is denied.

**AFFIRMED.**